Mr. Justice Olin
delivered the opinion of the court:
This cause comes before us on appeal from a decree of the justice holding the special term. A bill was filed, commonly known as a bill of interpleader, under the following circumstances.
Jackson, one- of the defendants, brought a suit at law against the defendant Adams to recover a sum of money which he claimed to be owing to him from Adams.
Upon the commencement of such suit Jackson made affidavit that Adams was a non-resident of this District, obtained a writ of attachment against certain funds in the hands of the complainants, the Adams Express Company, which he claimed was collected by said company for and on account of A. M. Adams. The company was summoned as garnishee, and upon interrogatories answered it had no funds in its hands belonging to the defendant A. M. Adams.
The justice holding the circuit refused, on motion for that purpose, to quash the attachment, and the case between Jackson and Adams was tried, a verdict found for Jaekson for the amount of his claim. In the mean time Williams, the other defendant, intervened and claimed the fund attached as belonging to him, and that his right to the fund might be determined in the suit at law then pending before the court. This, says the record, the court refused to do, and advised that a bill of interpleader be filed on the equity side of the court, and refused to take any action as to the fund in the hands of the express company, the present complainants.
Accordingly a bill of interpleader was filed by the complainants ; and on the hearing of the cause in the equity *646 court upon pleadings and proof, it appeared that prior to the levying of the attachment on this fund in the hands of the complainants a draft had been drawn by A. M. Adams in favor of Williams for the amount of the funds in its hands, and by the company accepted.
This transaction operated as an assignment of the fund to Williams, and therefore the express company had no funds in its hand belonging to A. M. Adams. Jackson rests his right to the fund in question upon the ground that he had what is called an attorney’s lien upon this fund, having aided, by his services as attorney or counsel, Adams in obtaining it. But as the fund never came into Jackson’s hands, he had no lien upon it for his fees, possession being the necessary prerequisite to the operation of such a lien, except in some exceptional case where there is a concurrence of circumstances such as existed in Child vs. Trist, ante, page 1, decided at a former term of this court.
The decree of the court in special term should be affirmed.